E-FILED
Tuesday, 10 November, 2026 05:21:51 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JOHN R. LINK and** | ) | |
| **KATHLEEN A. LINK,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case Nos. 25-cv-3245** |
| | ) | **25-cv-3246** |
| **SANGAMON COUNTY et al.,** | ) | |
| **Defendants.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Plaintiffs' Motion for Remand to the Seventh Judicial Circuit Court in Sangamon County, Illinois entered in case nos. 25-cv-3245 (Doc. 3) and 25-cv-3246 (Doc. 4).[1] For the reasons that follow, Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

Plaintiffs, custodians of Lake Springfield lakefront lots in Sangamon County, Illinois brought this action against Defendants[2] in the Seventh Judicial Circuit Court, Sangamon County, alleging claims under 42 U.S.C. § 1983 for unequal and discriminatory valuation methodology practices for tax assessment purposes on the lots. Plaintiffs

---

[1] Also before the Court is Plaintiffs' Motion for Remand in *Link et al. v. County of Sangamon*, Case No. 25-cv-3246. (Doc. 4). The motions are taken together as the relevant facts to each motion are identical. Docket citations refer to case no. 25-cv-3245.

[2] Defendants in case no. 25-cv-3245 are Byron Deaner, as Supervisor of Assessments of Sangamon County; Larry McCarthy, as Chief Deputy Assessor of Capital Township; Carol Von Lanken, as Woodside Township Assessor; Anjanette Lord, as Rochester Township Assessor; John Chris Gregurich, as Ball Township Assessor; John Hawkins, as Chairman of the Sangamon County Board of Review; and Sangamon County, Illinois, a unit of local government. The Defendant in case no. 25-cv-3246 is Don Gray, as County Clerk and as Assessor of Capital Township in Sangamon County, Illinois.

contend that relief is precluded to them by the available state remedy, the 1995 Amended Illinois Statute, 35 ILCS 200/23-15. Plaintiffs allege that this "State remedy violates the State of Illinois and United States Constitutions and is no longer complete, adequate, or efficient" as amended and, as a result, "[n]either the Tax Injunction Act [28 U.S.C. § 1341] or principles of comity is a bar to this case" being heard in federal court. (Doc. 1-1 at ¶¶ 40, 42; Doc. 3). Plaintiffs argue 35 ILCS 200/23-15 precludes complete, adequate, and efficient relief in Illinois courts because the statute "requires the Plaintiffs to file the complaint against the County Collector rather than those actually responsible," and "does not permit Plaintiffs their right to trial by jury," to "file a class action," "the assessment of attorney's fees," and to adequately make their case for relief. (*Id.* at ¶¶ 42(a)–(h)). Defendants removed the action to this district court asserting federal question jurisdiction under 42 U.S.C. § 1983. Plaintiffs timely moved for remand back to the state court.

## II. DISCUSSION

### A. Federal Jurisdiction in State Tax Cases

When a lawsuit is brought in state court, but federal court is the more appropriate venue, a defendant may *remove* the case to federal court. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27–28 (2025). But "federal courts are courts of limited jurisdiction: When they do not have (or no longer have) authorization to resolve a suit, they must hand it over"—or, in legal terms, *remand* the case back to the state court after its removal. *Id.* at 28. The presence of federal-question jurisdiction "is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Under this rule, a federal court considers only the allegations in the well-pleaded complaint to determine whether it presents a federal question that the court may decide. *Royal Canin U.S.A.*, 604 U.S. at 26.

Both parties agree that the Complaint raises a federal question in that Plaintiffs allege deprivations of their Fourteenth Amendment Equal Protection rights under 42 U.S.C. § 1983. *Hero v. Lake Cty. Election Bd.*, 42 F.4th 768, 775 (7th Cir. 2022). This case is made complex by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The TIA strips federal courts from their jurisdiction over cases like this one where "the assessment, levy or collection" of taxes under state or local law is at issue. 28 U.S.C. § 1341. The TIA, however, provides an exception where the courts of the taxing state cannot provide a "plain, speedy and efficient remedy" to the injured plaintiffs—in those rare circumstances, a federal court may exercise its subject matter jurisdiction over state tax cases. *Id.*; *A.F. Moore & Assocs. v. Pappas*, 948 F.3d 889, 891, 893 (7th Cir. 2020).

To keep the case in state court, a plaintiff need only show that the state "provide[s] the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax[.]" *A.F. Moore*, 948 F.3d at 893 (internal quotation marks and brackets omitted). As a result, federal courts typically cannot entertain lawsuits challenging state tax laws. *See, e.g.*, *id.* at 891; *Levin v. Commerce Energy,*

*Inc.*, 560 U.S. 413, 428 (2010) (explaining why federal courts should "refrain from taking up cases of this genre, so long as state courts are equipped fairly to adjudicate them").

Additionally, the principle of comity directs federal courts to abstain from hearing claims that challenge the validity of state taxes in a Section 1983 damages action—such as here—so long as "there is a 'plain, adequate, and complete' state remedy available." *Ghelf v. Town of Wheatland*, 132 F.4th 456, 468 (7th Cir. 2025) (quoting *Fair Assessment in Real Est. Ass'n v. McNary*, 454 U.S. 100, 116 (1981)). "[T]he 'plain, adequate, and complete' requirement in the comity analysis is identical to the 'plain, speedy and efficient' requirement under the Tax Injunction Act." *A.F. Moore*, 948 F.3d at 896 (quoting *Fair Assessment*, 454 U.S. at 116 n.8). Subject to the adequacy of the state remedy, [c]omity requires taxpayers seeking *damages* to pursue relief in the state courts, while the TIA is instead concerned with injunctive and declaratory relief.[3] *A.F. Moore*, 948 F.3d at 896. But the analysis under either remains the same: a federal court must decide whether the state remedy is "plain, adequate or complete" for adjudicating "any and all" federal claims challenging the state tax scheme. *Id.* at 891, 893, 896. If it is, the case must be remanded.

**B. Plaintiffs' Jurisdictional "Concessions" and *A.F. Moore & Associates***

Defendants claim Plaintiffs want to have their cake and eat it too. Plaintiffs "state[] on multiple occasions that no plain, adequate, or complete Illinois State remedy exists" yet seek an Illinois state court to remedy their claims. (Doc. 4 at 8). According to

[3] Of course, awarding plaintiff damages would require, in effect, the entry of a declaratory judgment against the state tax system, as the Supreme Court has explained—a judgment the TIA prohibits. *See Fair Assessment*, 454 U.S. at 113 (deciding the case on the basis of comity, however, rather than the TIA).

Defendants, "Plaintiffs are essentially arguing that Defendants must concede that no adequate remedy exists or abandon [their] right of removal." (*Id.*). Indeed, Plaintiffs point out that "[n]owhere in their Notice of Removal do the Defendants, allege, admit or concede" the Illinois remedy is unconstitutional or inadequate. (Doc. 3 at ¶ 7). Plaintiffs explain "the court is not required to give any weight to [Plaintiffs' own] unsupported conclusions of law" in their Complaint, whereas the burden is on Defendants to establish proper removal. (Doc. 8 at 2).

Indeed, a defendant seeking removal must convince the federal court that it has jurisdiction over the case. *Ray v. Tabriz*, 110 F.4th 949, 953 (7th Cir. 2024). And they must do so by filing a "notice of removal 'containing a short and plain statement of the grounds of removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). Like a complaint, a notice of removal is reviewed under the federal pleading standards derived from Rule 8(a) of the Federal Rules of Civil Procedure. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018) (citing *Dart Cherokee*, 574 U.S. at 87); *see Ashcroft v. Iqbal*, 556 U.S. 662, 667–68 (2009) (standards). Keeping with those standards, courts ask whether a defendant's "allegations in support of removal . . . are facially plausible" to create federal jurisdiction. *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020).

Here, Plaintiffs were not charged with alleging federal jurisdiction—they brought the case in state court and now seek remand back to state court. Defendants were required to show federal jurisdiction when they removed the case. While Defendants cite the

general proposition for state tax cases that "when no adequate State remedy is alleged [] Federal Jurisdiction may be found," they fail to allege or adopt any facts supporting their contention that federal jurisdiction exists.

Much of the discussion between the parties concerns the Seventh Circuit's opinion in *A.F. Moore & Associates v. Pappas*. 948 F.3d 889 (7th Cir. 2020). In that case, a group of Illinois taxpayers sought equitable relief against the Cook County tax assessor, alleging Equal Protection violations due to unequal tax assessments. *Id.* at 890–91. After being "tied up in litigation after more than a decade" in Illinois state court, they brought a new lawsuit in federal court. *Id.* at 891. The district court dismissed for lack of subject matter jurisdiction, finding that the TIA and comity barred the federal suit. *Id.* The plaintiff-taxpayers appealed. *Id.* They argued the Illinois state remedy, 35 ILCS 200/23-15,—the same statute at issue here—was insufficient to present their constitutional claims in state court. *Id.* at 891–92.

Then-Circuit-Judge Barrett reversed, finding that "the Act does not bar the federal district court from exercising jurisdiction over [the] challenge, [and] neither does the principle of comity." *Id.* at 896. That decision, however, rested on Cook County's "surprising" concession that Illinois courts could not hear "any and all constitutional objections to the tax." *Id.* at 895 (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981)). The Court concluded, "[s]ince the defendants agree that the taxpayers cannot make their equal protection case in state court, the taxpayers have no 'remedy' at all for their claims[.]" *Id.* 896. That concession made "a potentially complex issue a great deal

simpler" for the Court, finding it the "rare case" that a district court could entertain a state tax suit. *Id.* at 891, 896. With those distinct facts in mind, the findings of *A.F. Moore* are not binding on this court.

Defendants agree. They state *A.F. Moore* "illustrates the converse" of "[t]he principle expressed in *Fair Assessment* and its progeny" (Doc. 4 at 7) but that Judge Barrett's findings in *A.F. Moore* were a result of a concession and likely limited to that concession.[4] (*See id.* at 6). And they disclaim any adoption of the "factual assertions or conclusions concerning the adequacy of [the] State remedy[.]" (*Id.* at 9).

But Defendants say that the analysis starts and ends with the well-pleaded complaint rule. The Complaint alleges Illinois courts cannot provide relief and so, they argue, the case must be removed. As discussed, the rule provides that federal jurisdiction exists when the face of the plaintiff's well-pleaded complaint raises a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). But a court need not accept a complaint's legal conclusions as true. *See Ashcroft*, 556 U.S. at 678 (federal pleading standards); *see also Betzner*, 910 F.3d at 1015 (7th Cir. 2018) (citing *Dart Cherokee*, 574 U.S. at 87). As Plaintiffs point out, if a court were so required, "[f]ederal courts could be flooded with State taxation cases by [plaintiffs] simply alleging, with no support, a State tax remedy was incomplete." (Doc. 8 at 2).

---

[4] Plaintiffs agree for the same reason—they explain Judge Barrett never "came to that conclusion, or decided that issue"—but add that *A.F. Moore* "was never a candidate for a remand order in any event" as the case was filed in federal court and before the court on a motion to dismiss. (Doc. 8 at 4–6).

Indeed, in those cases, federal courts are tasked with determining whether the state court can "provide the taxpayer with a full hearing and judicial determination"—a court cannot simply accept a plaintiff's allegation as Defendants suggest. *See A.F. Moore*, 948 F.3d at 893 (cleaned up). It would be an anomaly to conclude, for example, "35 ILCS 200/23-15, at present, is unconstitutional on its face" because Plaintiffs merely said so. (Doc. 1-1 at ¶ 42(c)).

Here, Defendants fail to state any facts that this Court may use to determine whether federal jurisdiction is proper in view of 35 ILCS 200/23-15, the state remedy. They cite the Complaint's legal conclusions in their argument against remand, but Defendants *do not* contest the availability of state relief. In this case, Plaintiffs sought review by an Illinois court, whereas the plaintiffs in *A.F. Moore* sought a federal court's review. 948 F.3d at 891. Therefore, this lawsuit should remain in the Illinois courts in accordance with the TIA and comity.[5]

## III. CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED in Case Nos. 25-cv-3245 (Doc. 3) and 25-cv-3246 (Doc. 4). Clerk shall terminate Defendants' Motion to Dismiss in each case (Docs. 10 and 11, respectively) as MOOT. Both cases are REMANDED to the Seventh Judicial Circuit Court in Sangamon County, Illinois, for all further proceedings. Clerk shall enter this Order and Opinion in each case.

---

[5] "If the [Illinois] scheme is indeed unconstitutional, surely the [Illinois] courts are better positioned to determine—unless and until the [Illinois] Legislature weighs in—how to comply with the mandate of equal treatment." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 429 (2010) (discussing how Ohio courts are in the best position for hearing challenges to their own state tax scheme).

ENTER: November 10, 2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE